UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

Jennifer Sexton,

          Plaintiff,          Civil Action No.: _____

    v.

Nationwide Credit Corporation,

          Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Jennifer Sexton, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Jennifer Sexton (hereafter "Plaintiff"), is an adult individual residing at 1501 Rising Ridge Road, Mount Airy, Maryland 21771, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Nationwide Credit Corporation, LLP (hereafter "Defendant"), is a Virginia corporation with a principal place of business at 101 South Whiting Street, Alexandria, Virginia 22304, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Plaintiff agreed to a payment plan with the Defendant in order to pay for her eight year old daughter's medical bill and, despite repeated requests that Defendant cease calling, the Defendant continued collection efforts.

10. The Defendant contacted Plaintiff at her place of employment, even after the Plaintiff informed the Defendant that her employer prohibited such telephone calls, in violation of 15 U.S.C. § 1692c(a)(3).

11. Thereafter, the Defendant began making threats toward the Plaintiff.

12. The Defendant unlawfully threatened to call the Plaintiff at her place of employment repeatedly until the balance of the debt was paid, in violation of 15 U.S.C. § 1692d(5) and 15 U.S.C. § 1692e(5).

13. The Defendant threatened to further harass the Plaintiff with numerous phone calls and use of abusive and profane language, in violation of 15 U.S.C. § 1692d(2).

14. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant intended to harass the Plaintiff by repeatedly causing a telephone to ring and engaging the Plaintiff in conversation, in violation of 15 U.S.C. § 1692d(5).

17. The Defendant placed numerous phone calls to the Plaintiff at her place of employment with full knowledge that Plaintiff's employer did not permit such telephone calls, in violation of 15 U.S.C. § 1692c(a)(3).

18. The Defendant unlawfully threatened the Plaintiff with action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

19. The Defendant used abusive and profane language on the telephone and threatened to continue use of such language, in violation of 15 U.S.C. § 1692d(2).

20. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

24. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

25. The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

26. The Defendant contacted the Plaintiff's employer before obtaining a final judgment against the Plaintiff, in violation of MD. Code Comm. Law § 14-202(4).

27. The Defendant attempted to claim the right to contact the Plaintiff at her place of employment until the debt was paid, in violation of MD. Code Comm. Law § 14-202(8).

28. The Defendant used grossly abusive language when speaking with the Plaintiff and threatened to continue the use of such language, in violation of MD. Code Comm. Law § 14-202(7).

29.     The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

30.     The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

34.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to her place of employment and by threatening to continue making such abusive calls.

35.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

36. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

38. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
6. Punitive damage; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 09, 2009

Respectfully submitted,

By  /s/ Andrea Colender

Andrea Colender
1648 Trawler Lane
Annapolis, MD  21409
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Email: acolender@lemberglaw.com
MD Bar No. 10217

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666